**Merita LANAZI, Petitioner,**

**v.**

**Alberto R. GONZALES, Respondent.**

**No. 06–2350–ag.**

United States Court of Appeals,
Second Circuit.

Nov. 13, 2006.

Marialarrie Alinsunurin, Christophe & Associates, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Leslie McKay, Senior Litigation Counsel, Thankful T. Vanderstar, Trial Attorney, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. JON O. NEWMAN, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Merita Lanazi, a native and citizen of Albania, seeks review of an April 24, 2006 order of the BIA affirming the December 9, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Merita Lanazi*, No. A97 152 690 (B.I.A. Apr. 24, 2006), *aff'g* No. A97 152 690 (Immig. Ct. N.Y. City Dec. 9, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Since the BIA vacated the IJ's adverse credibility determination, the only issue before this Court is whether Lanazi, presumed to be credible, met her burden of proof. Here, the BIA agreed with the IJ's decision that Lanazi failed to meet her burden of proof with respect to her asylum and withholding of removal claims, but the BIA did not expressly adopt the IJ's findings. Accordingly, this Court can review both the IJ's and the BIA's opinions regarding the burden of proof findings. *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73

& n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but noting that affirmance is appropriate when the reviewing court can confidently predict that the IJ would adhere to the decision were the case remanded).

In order to succeed on an asylum claim, the applicant must show that the persecutor was motivated by his or her perception of the *applicant's* opinion, rather than merely by his or her *own* opinion. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005). In other words, it is insufficient that the persecutor act from "a generalized political motive." *INS v. Elias–Zacarias,* 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (internal quotation marks omitted). Instead, the "applicant must also show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief." *Yueqing Zhang,* 426 F.3d at 545 (citing *Elias–Zacarias,* 502 U.S. at 483, 112 S.Ct. 812).

Lanazi testified that in 1997 she became a member with full rights in the Democratic Party ("DP") and thereafter she suffered threats, beatings, and a 16 hour detention on account of her DP membership. Specifically, Lanazi testified that (1) in 1997 the Socialist Party threatened to kill her and broke the windows of her house 4 or 5 times, (2) in 2001 she was beaten while participating in a political demonstration, (3) in 2001 she was arrested in her home and kept for 16 hours in a jail where she was beaten and told to stop supporting the Democratic Party or else she would be killed or sold into prostitution, and (4) in 2002 the police came to her home to arrest her husband for participating in a political demonstration and during the arrest the police attempted to grope her. The BIA found that the IJ's adverse credibility determination regarding respondent's claims of persecution was error. Nevertheless, the BIA affirmed the IJ's finding that Lanazi failed to establish either past persecution or a well-founded fear of future persecution because her testimony was not corroborated and there had been a change in the government in Albania.

▪ Although an applicant can succeed on an asylum claim by proving only that the persecution occurred on account of an imputed political opinion, *see Chun Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005), Lanazi did not make that argument here. In fact, her entire claim rested on her assertion that she was a member of the DP and was persecuted as a result. Accordingly, it was essential for Lanazi to prove, by a preponderance of the evidence, that she was an active member in the DP in Albania. Without this proof, Lanazi would necessarily fail to establish a connection between the harm suffered and her actual political opinion.

▪ This Court defers to the BIA's rule that "[w]hile consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected." *Diallo v. INS,* 232 F.3d 279, 285 (2d Cir.2000); *see also id.* at 285–86 (citing 8 C.F.R. §§ 208.13(a), 208.16(b); *In re S–M–J–,* 21 I. & N. Dec. 722, 724, 1997 WL 80984 (BIA 1997); *In re Dass,* 20 I. & N. Dec. 120, 124–25, 1989 WL 331876 (BIA 1989); *In re Mogharrabi,* 19 I. & N. Dec. 439, 445–46, 1987 WL 108943 (BIA 1987)). In this case, the

agency was reasonable in expecting additional proof of Lanazi's DP membership, in the form of letters from her family. The IJ identified the particular missing, material documents and explained how they were reasonably available. *Diallo,* 232 F.3d at 290; *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003).

The only explanation Lanazi provided for failing to present letters from her family members was that she did not think about having them write for her. She admitted to having recent contact with them on the telephone, and the IJ could fairly infer that it would have been reasonably easy for Lanazi to ask them for supporting letters. Here, the IJ was reasonable in rejecting Lanazi's explanations because Lanazi should have known that a copy of her DP membership card, or other proof of membership, was essential to her claims.[1] Because Lanazi failed to prove membership in the DP, the agency's determination that Lanazi failed to prove a nexus to an enumerated ground is supported by substantial evidence.

■ Lanazi provided only very brief testimony regarding a religious persecution claim. Her claim focused almost exclusively on the harm she allegedly suffered in Albania on account of her political activities. As a result, she failed to present enough facts to compel a finding that she suffered past persecution in Albania on account of her religion.

■ Because Lanazi failed to show that any of the harm she suffered occurred on account of her political opinion, her withholding of removal claim must also be denied. *See* 8 C.F.R. § 208.16(b) (requiring that an applicant establish that her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion in order to receive relief in the form of withholding of removal).

■ Lanazi failed to make any arguments regarding the denial of her CAT claim in her brief to the BIA. Unlike Lanazi's withholding of removal claim, the BIA did not make any findings regarding her CAT claim in its decision. Accordingly, this claim is not exhausted, and the issue is not properly before us. 8 U.S.C. § 1252(d)(1); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006); *Xian Tuan Ye v. Dep't of Homeland Security,* 446 F.3d 289, 296–97 (2d Cir.2006) (explaining that this Court may review an individual's claim, regardless of whether she raised it in her brief below, if the lower court ruled on that claim).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

1. Lanazi's credible testimony establishes that her documents were ruined when she crossed into this country. There is not substantial evidence in the record to support the IJ's assertion that the DP membership card reasonably could have been replaced while Lanazi was in the United States.